## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| LEON STAMBLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| VISA INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff LEON STAMBLER files this Original Complaint against the above-named Defendant, alleging as follows:

### I. THE PARTIES

1. Plaintiff LEON STAMBLER ("Stambler") is an individual residing in Parkland, Florida.

2. Defendant VISA INC. is a Delaware corporation with its principal place of business in San Francisco, California. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

### II. JURISDICTION AND VENUE

3. This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

4. The Court has general and specific personal jurisdiction over Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).  On information and belief, (i) Defendant has substantial contacts with the forum as a result of pervasive business activities conducted within the State of Florida and within this District; (ii) Defendant regularly solicits business in Florida and in this District, and derives substantial revenue from products, systems, and/or services provided to individuals or entities residing in Florida and in this District; (iii) Defendant provides secure funds transfer services to and/or engages in the infringing encrypted communications directly with customers in this District; and (iv) Defendant conducts business relating to secure funds transfer services in Florida and in this District.

### III.  PATENT INFRINGEMENT OF U.S. PATENT NO. 5,793,302

5. On August 11, 1998, United States Patent No. 5,793,302 ("the '302 patent") was duly and legally issued for a "Method for Securing Information Relevant to a Transaction."  A true and correct copy of the '302 patent is attached hereto as Exhibit A.

6. Stambler is the inventor and owner of all rights, title, and interest in and to the '302 patent, and Stambler possesses all rights of recovery under it.

7. Defendant VISA INC. ("Visa") has infringed claimed methods of the '302 patent.

8. Upon information and belief, Visa has directly infringed claims of the '302 patent, including (for example) at least (i) claims 51 and 56 of the '302 patent by performing secure funds transaction services in an infringing manner, including accepting and processing funds transfers initiated using Visa's clearing and settlement products and/or services; and (ii) claims 7 and 8 of the '302 patent by engaging in encrypted communications (*e.g*, SSL and/or TLS messages exchanged in connection with Verified by Visa).

9. Stambler has been damaged as a result of Visa's infringing conduct. Visa is, thus, liable to Stambler in an amount that adequately compensates him for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## IV. JURY DEMAND

Stambler hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

Stambler requests that the Court find in his favor and against Defendant, and that the Court grant Stambler the following relief:

a. Judgment that one or more claims of United States Patent No. 5,793,302 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Stambler all damages to and costs incurred by Stambler because of Defendant's infringing activities and other conduct complained of herein;

c. That Stambler be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That the Court declare this an exceptional case and award Stambler his reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. That Stambler be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: February 26, 2014.**

Respectfully submitted,

/s/  Joshua B. Spector
Joshua B. Spector (FBN 113743)
Perlman, Bajandas, Yevoli & Albright, PL
1000 Brickell Avenue, Suite 600
Miami, FL 33131
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
jspector@pbyalaw.com

Brent N. Bumgardner
Texas State Bar No. 00795272
Ryan P. Griffin
Texas State Bar No. 24053687
Christie B. Lindsey
Texas State Bar No. 24041918
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
bbumgardner@nbclaw.net
rgriffin@nbclaw.net
clindsey@nbclaw.net
*Motion for Admission, Pro Hac Vice forthcoming*

**ATTORNEYS FOR PLAINTIFF
LEON STAMBLER**